377 P.2d 681

**FOUNDATION RESERVE INSURANCE COMPANY, a corporation, Plaintiff-Appellant,**

**v.**

**Fred FAUST, John A. Flaska and Fidelity & Deposit Company of Maryland, a corporation, Defendants-Appellees.**

**No. 7028.**

Supreme Court of New Mexico.

Dec. 20, 1962.

Rehearing Denied Jan. 30, 1963.

Leslie D. Ringer, Santa Fe, for appellant.

Traub, Parham & Zuris, Albuquerque, for Fred Faust.

John D. Murphy, Albuquerque, for John A. Flaska and Fidelity & Deposit Co. of Maryland.

SWOPE, District Judge.

In this case plaintiff, Foundation Reserve Insurance Company, a corporation, sued the defendants, Fred Faust, owner of an automobile wrecking and towing company, and John A. Flaska, sheriff of Bernalillo County, and Fidelity & Deposit Company of Maryland, a corporation, the surety on the sheriff's statutory bond, to recover monies it was required to pay under the theft coverage provisions of an automobile insurance policy allegedly because of the failure of defendant Faust to comply with the provisions of § 64–5–3, N.M.S.A., 1953 Comp., and of the failure of defendant Flaska to comply with § 64–9–1, N.M.S.A., 1953 Comp.

The facts are as follows. In March, 1959, one Carlos B. Gutierrez purchased a 1957 Ford automobile from M & H Auto Sales in Albuquerque, and insured it with plaintiff. On June 27, 1959, he notified the New Mexico state police in Albuquerque that his automobile had been stolen, and the usual car theft report was prepared. The same day, a deputy sheriff under defendant Flaska found the automobile abandoned in a badly damaged condition caused mainly by vandalism, and notified the sheriff's office of that fact, and also defendant Faust, who at the deputy's request, towed the automobile to his place of business. At the time the automobile was found the brake and light sticker attached to the windshield indicated that M & H Auto Sales was the owner so the deputy sheriff, in the presence of defendant Faust, notified M & H Sales by telephone that their automobile had been recovered and was at the place of business of defendant Faust. Nothing in the automobile indicated that Gutierrez was the owner. The records concerning the matter were then placed in the closed files in the sheriff's office with the notation that the owner had been notified. A few days later, someone appeared at the sheriff's office and, upon requesting information concerning the automobile, was informed that it was located at defendant Faust's premises. This person then went there, inspected the automobile, requested an approximate estimate of the cost of repairing it and, upon being

informed by defendant Faust that in his opinion it would cost between $600 and $700, left and never returned.

On July 13, the state police notified the sheriff's office of the auto theft report they had received from Carlos B. Gutierrez on June 27 and the usual automobile theft report was prepared in the sheriff's office, but the theft was not connected by the sheriff's office with the June 27th M & H Auto Sales incident.

Thereafter, Gutierrez filed a claim with plaintiff and, on July 31, was paid his loss. Several weeks later, defendant Faust again contacted M & H Auto Sales at which time they finally contacted an adjuster for plaintiff who then paid the storage and towing charges due defendant Faust, sold the automobile and sent the net proceeds to plaintiff, who is now seeking to recover its loss.

As to the claim against defendant Faust, § 64–5–3, supra, provides as follows:

"64–5–3. Report of stored, unclaimed and unidentified motor vehicles. —An operator of a place of business for garaging, repairing, parking or storing vehicles for the public, in which a vehicle remains unclaimed for a period of thirty [30] days, shall, within five [5] days after the expiration of that period report in writing to the New Mexico state police at Santa Fe and the sheriff of the county in which the unit is stored, setting forth the make of car, model-year, motor, serial and vehicle numbers of the vehicle unclaimed. A vehicle left by its owner whose name and address are known to the operator or his employee is not considered unclaimed. A person who fails to report a vehicle as unclaimed in accord with this subsection forfeits all claims and liens for its parking or storing and is guilty of a misdemeanor punishable by a fine of not more than twenty-five dollars ($25.00)."

We do not believe that the provisions of the above statute, requiring the owner of an automobile storage business to report unclaimed motor vehicles to the state police and to the sheriff, were intended to apply to a stolen motor vehicle that had been recovered by the sheriff and towed to owner's place of business at the request of the sheriff.

As to the claim against defendant Flaska, § 64–9–1, supra, provides as follows:

"64–9–1. Report of stolen and recovered motor vehicles.—Every sheriff, chief of police, or peace officer upon receiving reliable information that any vehicle registered hereunder has been stolen shall immediately but in no case later than one [1] week after receiving such information report such theft to the New Mexico state police,

unless prior thereto information has been received of the recovery of such vehicle. Any said officer upon receiving information that any vehicle, which he has previously reported as stolen, has been recovered, shall immediately report the fact of such recovery to the local sheriff's office or police department and to the New Mexico state police."

Inasmuch as the motor vehicle in question was recovered by the sheriff on the same day it was stolen and had never been reported by the sheriff to the local police department or state police as being stolen, it is obvious that the sheriff was not required by the provisions of this section to report either the theft or recovery of the motor vehicle to the local police department or state police.

The trial court's conclusions, that defendant Faust did not violate § 64–5–3, supra, and that defendant Flaska did not violate § 64–9–1, supra, are supported by the evidence.

We have considered the other points relied upon by appellant for reversal and find them to be without merit.

Finding no error, the judgment of the district court is affirmed.

It Is So Ordered.

COMPTON, C. J., and CARMODY, J., concur.